Copies Mailed
Chambers of Edgardo Ramos

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VICTOR M. HERRERA,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DERMOT SHEA, Commissioner, City of New York Police Department; STEVEN BANKS, Commissioner, Human Resources Administration City of New York; MARK NIGEL, Attorney, Office of Temporary Disability Assistance; SAMUEL SPITZBERG; SERGEANT KNOX, HRA POLICE; ANNETTE VASZQUEZ, HRA Police Officer; HRA OFFICER HENNA; HRA OFFICER CURCIO; HRA LIEUTENANT WRIGHT; JOHN DOE, NYPD Officer; JANE DOE, NYPD Officer; LIEUTENANT VASZQUEZ, 84th Precinct; JANE DOE I, Plainclothes NYPD Officer; JANE DOE II, NYPD Police Officer; DEXTERLY FREEMAN, Deputy Commissioner of Security, Human Resources Administration; JOHN DOE, Summit Security Supervisor; JOHN DOE, Summit Security Officer I; JOHN DOE, Summit Security Officer II,<br><br>                    Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC # _____<br>DATE FILED: August 6, 2020<br><br><br>20-CV-5893 (ER)<br><br>TRANSFER ORDER |

EDGARDO RAMOS, United States District Judge:

      Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated August 5, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* (IFP). For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## BACKGROUND

      Plaintiff filed this complaint regarding events occurring on December 19, 2019, at a New York City Human Resources Administration (HRA) office located on the fifth floor of 150 Boerum Place, in Brooklyn. For unexplained reasons, HRA employees summoned police officers

from the 84th Precinct, who "forcefully pushed" Plaintiff against the wall, restrained and searched him, and "deliberately paraded" him in public. Once they were in the street, the police officers released Plaintiff and returned his property. But as Plaintiff proceeded toward the subway, HRA officers Knox, Henna, Vasquez, and NYPD Officer Jane Doe again "forcefully" restrained Plaintiff and unlawfully arrested him. (*Id.* ¶¶ 28-34.)

According to Plaintiff, the supervisory defendants are "familiar" with his "reform activities and complaints," and retaliated against him for "invok[ing] his right to petition for redress of grievances."[1] Plaintiff claims that he has filed "numerous grievances and complaints" with supervisors Banks, Freeman, Spitzberg, and Marks. Plaintiff asserts claims of false arrest, unlawful detention and confinement, retaliation and conspiracy, deliberate indifference, cruel and unusual punishment, malicious prosecution, abuse of process, discrimination and denial of equal protection, assault and battery, unreasonable search and seizure, negligence, and intentional infliction of emotional distress. He seeks money damages and injunctive relief. (*Id.* at 1, 6-8, 14-15.)

The complaint lists addresses in Brooklyn and Uniondale for the individual defendants directly involved in the December 19th incident. The addresses provided for the supervisory defendants are in either Manhattan or Albany.

---

[1] Plaintiff has previously filed complaints in this District alleging that municipal defendants retaliated against him for his advocacy on behalf of himself and others. *See Herrera v. City of New York*, ECF 1:19-CV-3216, 66 (AT) (S.D.N.Y. June 12, 2020) (dismissing complaint under stipulated settlement); *Herrera v. Banks*, ECF 1:17-CV-7691, 99 (ALC) (KHP) (S.D.N.Y. Aug. 6, 2018) (same); *Herrera v. City of New York*, ECF 1:16-CV-0162, 125 (KPF) (S.D.N.Y. Feb. 24, 2017) (dismissed for failure to prosecute).

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

There are no facts in the complaint about where the individual defendants are domiciled. 28 U.S.C. § 1391(c)(1). But the events giving rise to this complaint occurred in Brooklyn, New York, and the complaint lists addresses in Brooklyn and Uniondale for the individuals directly involved in those events. Brooklyn is located in Kings County, and Uniondale is located in Nassau County, both of which fall within the Eastern District of New York. See 28 U.S.C. § 112(a). Plaintiff also alleges that supervisory defendants tolerated retaliation against him, and the complaint lists addresses for those individuals in Manhattan.[2] Venue therefore is arguably proper both in the Eastern District and in this District under § 1391(b)(1) and (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417,

---

[2] One defendant has an Albany address. Albany County falls within the Northern District of New York. *See* 28 U.S.C. § 112(a).

3

426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, and most defendants appear to reside in either Brooklyn or Uniondale. Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer

this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York, and closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 6, 2020
        New York, New York

EDGARDO RAMOS
United States District Judge