IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Received by the Pro Se Office
2/15/2021- KC

**VICTOR M HERRERA,**

      Plaintiff,

      v.

**DERMOT SHEA,** COMMISSIONER OF THE CITY
OF NEW YORK POLICE DEPARTMENT; **STEVEN
BANKS,** COMMISSIONER OF THE CITY OF NEW
YORK HUMAN RESOURCE ADMINISTRATION;
**SAMUEL SPITZBERG, NIGEL MARKS,** ATTORNEYS
OFFICE OF TEMPORARY DISABILITY ASSISTANCE OF
THE STATE OF NEW YORK; **DEXTERLY FREEMAN,** DEPUTY
COMMISSIONER POLICE OPERATIONS, **SERGEANT CURCIO,
SERGEANT KNOX, LIEUTENANT WRIGHT, OFFICER HENNA,
OFFICER ANNETTE VASQUEZ,** HUMAN RESOURCE
ADMINISTRATION OF THE CITY OF NEW YORK; **LIUETENANT
VASQUEZ, 84TH PRECINCT NYPD, JOHN DOE NYPD 84TH
PRECINCT UNIFORMED OFFICER; JANE DOE 84TH PRECINCT
UNIFORMED OFFICER; JANE DOE NYPD PLAINCLOTHES OFFICER
#1, JANE DOE NYPD PLAINCLOTHES OFFICER #2; SUMMIT
SECURITY, JOHN DOE,** SUMMIT SECURITY OFFICER SUPERVISOR,
**JOHN DOE SECURITY OFFICER #1, JOHN DOE SECURITY OFFICER #2
AND CITY OF NEW YORK,**

_____



**AMENDED COMPLAINT
20-CV-3665 (PKC)(VMS)**



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 15 2021 ★

BROOKLYN OFFICE

**COMPLAINT**

      The plaintiff, **Victor M Herrera,** individually, files suit against the above-named Defendant(s), and pleads as follows:

*JURY TRIAL DEMANDED*

**INTRODUCTION**

1. Plaintiff, **Victor M Herrera** (*"Plaintiff" or "Mr. Herrera"*) brings this action for himself who suffered violations under 42 USC § 1983 for False Arrest, Unlawful detention and confinement, retaliation and Conspiracy, deliberate indifference, cruel and Unusual punishment, Malicious abuse of process, malicious prosecution, Assault and Battery, intentional infliction of emotional distress, unreasonable search and seizure and negligence.

2. The Defendant(s) collectively **City of New York ( hereinafter "City Defendant(s))** along with the private contractor **Summit Security** operate exclusively under contract with the **City of New York and State of New York** in the administration of Security and Police Operations for the **Human Resource Administration and Office of Temporary Disability Assistance** at 14 Boerum Place, Brooklyn, New York 11205, a building exclusively providing

1

adjudicative hearings under NYS Social Service Laws 18 CRR-NY 400.1 and 7 CFR § 273.15 for public assistance grants for the poverty stricken community.

3.  The **City Defendant(s)** principal responsibilities as the Office of Administrative Hearings services the needs of the public applying for public benefits under the Supplemental Nutrition Assistance Program (**SNAP**) and Medicaid, providing a federally mandated forum for aggrieved persons to appeal the denial of benefits before State of New York assigned Administrative Law Judges (ALJ's) where the agency (**Human Resource Administration**) and the aggrieved person(s) mediate, resolve and produce evidence in support of their contentions and benefits application denial.

4.  Upon information and belief, and since August 2010, plaintiff has applied and received public assistance under the Supplemental Nutrition Assistance Program while experiencing financial and economic crisis and has been advocating and litigating for sensible reforms since his first encounter with Police Operations under the City of New York Human Resource Administration Police and has filed complaints with the City of New York Human Resource Administration and Office of Temporary Disability Assistance related to the intentional and deliberate practices of over-policing in Job Centers throughout the City of New York, for which was met with retaliatory actions taken against the plaintiff **Victor M Herrera** who has been the subject of wrongful use of force, Assaults and Battery, false arrest and unlawful imprisonments that has been pursued through complaints with the Department of Investigation of the City of New York and the Mayor's office of Community Affairs.

### THE PARTIES

5.  Plaintiff, **Victor M Herrera**, is a New York State Citizen who resided, for all relevant periods, In Kings County, City of New York, and who may be served upon himself as self-represented in this matter.

6.  Plaintiff's substantial contacts with the Defendant(s) in this matter occurred from physical visits to 14 Boerum Place, Brooklyn, New York, and other New York City Human Resource Administration offices throughout the City of New York, including but not limited to telephone calls, emails and personal contact.

7.  Further, Plaintiff has suffered harm as a direct result of violations of knowing and repeated acts of retaliation and discriminatory animus taken by the City Defendant(s) and their contracted security personnel under the guise of legitimate policing practices to deprive Plaintiff **Victor M Herrera** of rights, privileges and immunities secured to him by the United States Constitution and New York State Constitution and Statutory and regulatory law.

### THE DEFENDANT(S)

8.  The Defendant, **City of New York** is a municipality of the State of New York designed as a corporation of the State of New York and all times material to this complaint, Defendant(s) are and were herein duly appointed and acting officers, servants, employees and agents of the **City of New York Human Resource Administration and the New York Police Department**, a Municipal agency of Defendant **City of New York**, at all times relevant herein, the individual defendants were acting under the color of the laws, Statues, Ordinances, Regulations, Policies, custom and/or usages of the State of New York and City of New York, in the course and scope of their duties and functions as officers, agents, servants and employees of Defendant **City of New York**, were acting for, and on behalf of, with the power and authority vested in them by the City of New York **Human Resource Administration and the New York Police Department, Sergeant Knox, Annette Vasquez, HRA Officer Henna, Sergeant Curcio, Lieutenant Wright; John Doe NYPD 84th Precinct Uniformed Police Officer, Jane Doe NYPD 84th Precinct Uniformed Police Officer, Jane Doe 1 Plainclothes NYPD Police Officer, Jane Doe Plainclothes NYPD Police Officer, Dexterly Freeman, HRA Deputy Commissioner of Police Operations**, and the duly contracted corporation **Summit Security,** its officers, agents, employees, and servants, acting under the laws of the City of New York, acting in concert with the City of New York Human Resource Administration officers, servants, employees and agents of the Defendants

**City of New York** and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individual and in their official capacity.

9.  Defendant **Summit Security** at all times material to this complaint, engaged in the performance of their duly contracted duties with the City of New York enforcing laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and City of New York, were acting on behalf of, with the power and authority vested in them by the City of New York **Human Resource Administration and the Office of Temporary Disability Assistance** when **Summit Security John Doe Officer 1, Summit Security John Doe Supervisor and Summit Security John Doe officer 2** provoked, instigated and threatened the plaintiff with the intent to interfere, obstruct and unlawfully cause plaintiff alarm, annoyance and distress,  its officers, agents, employees, and servants deliberately interfered, obstructed and falsely accused plaintiff under the retaliatory animus displayed by **John Doe Security Officer 1** who has had previous contact with plaintiff, was responsible for and/or instigated the deliberate action that barred plaintiff prior to **December 19, 2019** and was motivated with a retaliatory animus toward plaintiff resulting in barring **Victor M Herrera** from utilizing the Office of Administrative Hearings equally and without discriminatory obstruction on account of plaintiff **Victor M Herrera** advocacy and reform activities, including but not limited to privacy and constitutional objections protected under the First and Fourteenth Amendment to the Constitution of the United States.

10. The Defendant(s), **Samuel Spitzberg and Nigel Marks** of the **Office of Temporary Disability Assistance,** at all times material to this complaint, engaged in the performance of their duties as State officers of the State of New York with the City of New York, were acting on behalf of, with the power and authority vested in them by the State of New York in affording the aggrieved constituents with a forum provided by NYS Social Service Laws 18 CRR-NY 400.1 and 7 CFR § 273.15 were engaging in enjoying, enforcing and deliberately interfering with the Plaintiff **Victor M Herrera** equal protection rights, enforcing discriminatory practices that deliberately treated plaintiff differently from others similarly impacted on account that Plaintiff pursued constitutionally protected reform activities that included filings of complaints and grievances, and were equally aware as far back as **May 21, 2019** related to the incidents with **Summit Security Officer John Doe 1** on the 5th Floor of 14 Boerum Place, in which Defendant **Summit Security John Doe 1** had confronted the Plaintiff and engaged an alarm with the intent to have the Plaintiff wrongfully labeled troublesome on account of Plaintiff having engaged in similarly protected reform activities, and the ensuing practice as engaged and enforced by Defendant(s) **Samuel Spitzberg and Nigel Marks,** their employees, agents, servants and officers were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties when the defendant(s) demonstrated a deliberate indifference to the Plaintiff's constitutional rights, privileges and immunities with an intent to deprive Plaintiff **Victor M Herrera** equal protection of the law.

## JURISDICTION

11. Jurisdiction of this Court arises under 28 USC §§1331, 1337, 1343(a), and 1367(a); 42 USC §1983, 1985 and 1988; and 18 USC §1961-1968.

12. Jurisdiction of this Court for the pendent claims is authorized by Fed.R.Civ.Proc §18(a), and arises under the doctrine of pendent jurisdiction as set forth in **United Mine Workers v. Gibbs**, 383 US 715 (1966)

13. Complete diversity of state citizenship exists in this suit. Further, and as a separate, independent basis for this Court's jurisdiction in this matter, questions of Federal Law pertaining to the 7 CFR § 273.15 and the constitutionality of interfering with the rights, privileges and immunities of constituents applying for Supplemental Nutrition Program (SNAP) and having the right to be heard without abridgement under the Due Process Clause of the 14th Amendment to the United States Constitution, are raised by the filing of this complaint.

## VENUE

14. The Defendant(s), through its intention business activities with Plaintiff in the County of Kings, Brooklyn, New York, has established sufficient contacts in this district such that personal jurisdiction is appropriate.

15. In addition, a substantial part of the events or omissions giving rise to these claims occurred in this Judicial district.

16. Venue is proper in this Court under 28 USC § 1391(a).

## FACTS

**Defendant(s) Repeated and knowing Acts of retaliation Toward Plaintiff in Violation of Protected Activity Guaranteed under the First and Fourteenth Amendment to the United States Constitution.**

17. Plaintiff, **Victor M. Herrera** ("Mr. Herrera" or "Plaintiff"), is a natural person residing in Brooklyn, New York in the County of Kings, State of New York, and is a citizen of the United States.

18. At all relevant times herein, Defendant(s) **City of New York**, a municipality in the State of New York, in effect represented by the City of New York Human Resource Administration Commissioner Defendant **Steven Banks**, and New York Police Department Commissioner **Dermot Shea,** its employees, personnel, agents, and servants, included but not limited to Defendant(s) **Dexterly Freeman, Sergeant Curcio, Sergeant Knox, Lieutenant Wright, Annette Vasquez, HRA Police Officer Henna, Lieutenant Vasquez, John Doe NYPD 84th Pct Uniformed Officer, Jane Doe NYPD 84th Pct Uniformed Officer, Jane Doe NYPD Plainclothes Officer #1, Jane Doe NYPD Plainclothes Officer #2** were at all times material to this complaint acting in their official capacity.

19. Defendant(s) **City of New York** through its agents, employees, officers, members, directors, assigns, principals, trustees, subordinates and representatives in connection with the facts pleaded in this Complaint.

20. At all relevant times herein, Defendant(s) **Summit Security,** through its agents, employees, officers, members, directors, assigns, principals, trustees, subordinates, and representatives, in effect were engaged in the enforcement of laws, policies, customs, usages, rules and regulations of the City of New York in Police and Security operations under the exclusive authority and acting in concert with the Defendant(s) **City of New York** Human Resource Administration, Defendant(s) **Summit Security John Doe Supervisor, Summit Security John Doe Officer No. 1, and Summit Security John Doe Officer No. 2** were at all times material to this complaint acting on and on behalf of the Defendant(s) **City of New York** by nature of their contractual obligations with the City of New York.

## FACTUAL ALLEGATIONS

21. Beginning on or about **March or April 20, 2019**, the defendant(s) **City of New York** along with the agency acting on its behalf **Human Resource Administration Police** with knowledge and prior contact with the plaintiff did deliberately provoke, harassed, annoyed and threatened Plaintiff with deprivations of liberty and arrest when the defendant(s) **Summit Security John Doe Officer No. 1** aggressively harassed the Plaintiff for his having engaged in protected activity, namely that plaintiff is a well-known individual within the facility at 14 Boerum Place, 5th Floor, Brooklyn, NY as that is defined in **Social Service Laws of the State of New York**, acting on his own or on behalf of others similarly impacted by economic crisis, attempted to prevent, interfere, obstruct and deprive plaintiff of

4

access to the Federally protected forum under 7 CFR section 273.15(a) by falsely accusing Plaintiff of engaging in Disorderly and aggressive conduct to justify **Victor M. Herrera's** removal and ouster from the location as part of a pattern and practice of the **City of New York** Defendant(s).

22. Then, beginning on **September of 2019**, the complainant commenced a special proceeding under Article 78 of the Civil Practice Law and Rules (**Herrera v. Hein Index No. 3603/2019**) in which the plaintiff **Victor M Herrera** conceded to discontinuance upon the defendant **Samuel Spitzberg** letter dated **December 4th, 2019** lifting the previous decision to bar **Victor M. Herrera** from enjoying the protections as afforded others similarly impacted.

23. Then, on **December 19, 2019**, plaintiff appeared for a scheduled Hearing at the same location of 14 Boerum Place, Brooklyn, NY on the 5th Floor in which Defendant **Summit Security John Doe Officer No. 1** again provoked, threatened, and falsely accused Plaintiff **Victor M Herrera** of causing a disturbance, for which defendant **Annette Vasquez** representing the defendant(s) **City of New York** in the capacity of a **Human Resource Administration Police Officer** at the behest of the false information deliberately, intentionally, and acting in concert with **Summit Security John Doe Officer No. 1** conspired, agreed, and acquiesced to have Plaintiff removed under the guise of legitimate enforcement of causing and/or creating a disturbance that defendant(s) collectively knew or should have known was false.

24. Then, on **December 19, 2019,** Plaintiff did demand supervisory intervention for which plaintiff did communicate via phone to the defendant's office of Police Operations **Dexterly Freeman**, at all times communicating to Defendant **Sergeant Curcio** the events as they transpired, the defendant(s) collectively and acting in concert, deliberately conspired, agreed and acquiesced to falsely accuse the plaintiff **Victor M Herrera** of disorderly conduct and harassment in response to his request, which bated Plaintiff to call 911 for New York Police Department Intervention in relation to the continuous and repeated acts of the **City of New York** officers, servants, employees, and agents retaliatory actions, at all times acting under color of law and in concern with defendant(s) **Summit Security John Doe Supervisor, Summit Security John Doe Officer No. 1 and Summit Security John Doe Officer No. 2** also acting under color of laws, Statutes, Ordinances, Regulations, policies, customs and/or usages of the State of New York, in Contract with the **Office of Temporary Disability Assistance and the Human Resource Administration** to provide and enforce security.

25. Then, on **December 19, 2019**, Defendant(s) **John Doe NYPD 84th Precinct Uniformed Officer and Jane Doe NYPD 84th Precinct Uniformed Officer** responded to the location of 14 Boerum Place, 5th Floor, Brooklyn, New York immediately sided with Defendant **Annette Vasquez** on account of the similarity of their roles and criminalized Plaintiff **Victor M Herrera**, knowingly and intentionally setting into motion an unlawful restraint of liberty, use of force and unwarranted search of his persons solely to provoke, intimidate, annoy and harass plaintiff using an unlawful discriminatory practice of criminalizing constitutionally protected activity.

26. Then, on **December 19, 2019**, Plaintiff demanded his release and the immediate supervisory authority for both defendant(s), **John and Jane Doe NYPD 84th Precinct Uniformed Officers** for their unwarranted retaliatory arrest of Plaintiff **Victor M Herrera** for having utilized the emergency call system to report a wrongful conduct of the defendant **City of New York** Human Resource Administration Police [hereinafter "HRA" Defendant(s)] followed by the actions of the **NYPD** responding defendant(s). Without waiving any privilege protected under the constitution and laws of the State, Plaintiff was subjected to an unlawful intrusive search of his persons, physically pushed up against the wall of the 5th Floor of 14 Boerum Place, assaulted, mechanically restrained, and verbally abused for advocating against the concerted wrongful and official misconduct being displayed.

27. Then, On **December 19, 2019**, Defendant **Lieutenant Vasquez** 84th Precinct in response to the plaintiff **Victor M Herrera** concern via 911 call system responded to 14 Boerum Place, 5th Floor, in which Defendant **Lieutenant Vasquez** determination to authorize an unlawful arrest of the plaintiff ensued following Plaintiff **Victor M Herrera** explanation of the circumstances. Defendant **Lieutenant Vasquez** was aware that his actions would place Plaintiff at risk of being victimized for having utilized First Amendment protected activity by utilizing the 911 system as a constituent being criminalized by the on-going practice of defendant **City of New York** targeting Plaintiff **Victor M**

Herrera for having been previously been falsely accused, wrongfully restrained of his liberty and forced to endure physical and emotional distress resulting from the unlawful use of force in effecting the arrest. Defendant **Lieutenant Vasquez** made his sentiments clear when he verbally informed the Plaintiff "I don't give a Fu#%".

28. Then, On **December 19, 2019**, during the arrest process it appeared the circumstances of plaintiff's unlawful arrest and detention came to question requiring quite reluctantly **NYPD John Doe Uniformed Police Officer** to release plaintiff and return his property. Plaintiff proceeded toward the subway to return home when he was accosted by defendant(s) **Sergeant Knox, HRA Officer Henna and HRA Officer Annette Vasquez** who forcefully pushed plaintiff against a gate by the **Brooklyn Law School** and attempted to place plaintiff in restraints, who were then assisted by the defendant(s) **Plainclothes Jane Doe Police officer 1 and Jane Doe Police Officer 2** who succeeded in forcefully placing plaintiff in restraints and unlawfully arresting plaintiff without probable cause or reasonable suspicion that plaintiff committed a crime.

29. The plaintiff, **Victor M. Herrera** has been the subject of countless acts of retaliation motivated by the pursuit of his constitutionally protected activity. The plaintiff has filed numerous grievances and complaints to those defendant(s), **Steven A Banks, Dexterly Freeman, Samuel Spitzberg, Nigel Marks,** including the **City of New York Department of Investigation** who in turn would forward complaints to the **City of New York Human Resource Administration** General Counsel office who in turn failed to remedy the continued practice and unlawful conduct. The defendant(s) actions were intended to punish plaintiff and was part of a widespread pattern of behavior displayed by the Defendant Superiors in the **Human Resource Administration,** and repeatedly turned a blinds eye to the behavior, taking no preventative precautions to divert what they were aware were retaliatory actions which caused the harm alleged herein. Upon information and belief, Defendant **City of New York** has, acting through its **NYPD, DOI, and HRA agencies** developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arrest, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in misconduct intended to discourage and deter the pursuit of protected activity.

30. Since **March 2018 and before,** the plaintiff has been subjected to a host of debilitating practices intended to discourage him from his well-known reform activities, was the subject of **wrongful arrest and restraint of liberty** while pursuing claims against the **City of New York** by **City of New York personnel, agents, servants and employees,** including acting in concert with Defendant(s) **Summit Security personnel, agents, servants and employees** enforcing Citywide policies, rules and regulations which are exclusively the prerogative of **City employees.** The plaintiff has been the victim of physical uses of force and psychologically and emotionally attacked by the retaliatory conduct and have deliberately delayed services in prevention and aid to economic crisis from worsening. The Defendant(s) collectively however created a systemic pattern of behavior intended to punish plaintiff; **Victor M. Herrera** for his First Amendment protected activity resulting in further worsening of economic crisis.

## CAUSES OF ACTION

**FIRST CLAIM:**
**FALSE ARREST AND WRONGFUL IMPRISONMENT**
**EXCESSIVE FORCE DEPRIVATION OF RIGHTS UNDER THE FOURTH, FIFTH,**
**NINTH AND FOURTEENTH AMENDMENT(S) AND 42 USC§1983**

31. Plaintiff re-alleges and incorporates by reference the allegations as set forth in each preceding paragraph 1 through 30 as if fully set forth herein.

32. The above-referenced acts and omissions of defendant(s) **City of New York, Summit Security and its officers**, acting under the exclusive authority of the **City of New York**, acting in concert and under **color of law** in authorizing, directing and/or causing plaintiff to be attacked by **City of New York employee Police Officer Defendant(s) Uniformed John Doe No. 1, Uniformed Jane Doe No. 1, Jane Doe Plainclothes Police officer No. 1, Jane Doe Plainclothes Police Officer No. 2, HRA Police Officer Annette Vasquez, HRA Police Officer Henna, HRA Sergeant Knox** was by the very nature of the discriminatory and retaliatory animus set out by the **City of New York Defendant HRA** complicit with and acting in concert with the **For Profit Defendant(s) Summit Security** was designed to deprive plaintiff of rights, privileges and immunities, was done with the intent to subject the plaintiff **Victor M. Herrera** to the unnecessary and wanton use of force by engaging in a retaliatory vindictive attack against the plaintiff to force compliance and/or deter plaintiff's reform activities, to the will of the agents, servants and employees of the private **for-profit Corporations**, was done intentionally, willfully, maliciously, and with a deliberate indifference and/or reckless disregard for the natural and probable consequences of their acts, was done without lawful justification and reason, and was designed to and did cause specific physical and emotional pain and suffering in violation of plaintiff's rights as guaranteed under 42 USC§§1983, 1985 and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable and unjustified force.

33. As a direct and proximate result of the foregoing, plaintiff **Victor M Herrera** was subjected to great physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.


**SECOND CLAIM:**
**DEPRIVATION OF RIGHT TO PETITION AND EXPRESSION OF**
**RIGHTS UNDER THE FIRST, NINTH AND FOURTEENTH AMENDMENTS**
**AND 42 USC §1983, 1985.**


34. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph 1 through 33 as if fully set forth herein.

35. The defendant(s) **NYPD Commissioner Dermot Shea, HRA Commissioner Steven E Banks, Deputy Commissioner Dexterly Freeman, NYPD Lieutenant Vasquez, HRA Lieutenant Wright, Samuel Spitzberg and Nigel Marks** actions were done with a malice aforethought, acting in concert with one another and acting collectively under **color of law**, was done due to defendant(s) collective personal animus and bias against the content of plaintiff's **Victor M. Herrera's** grievances and speech; was done to interfere with, and chill the exercise of his right to petition for the redress of grievances, and additionally enforced under a widespread pattern of conduct condoned and ratified by the defendant(s) **City of New York** , was done intentionally, maliciously, with a deliberate indifference and/or reckless disregard for the natural and probable consequence of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious pain and suffering in violation of plaintiff's constitutional rights as guaranteed under 42 USC §1983, and the First and Fourteenth Amendment to the United States Constitution.

36. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.

**THIRD CLAIM:**

**MONELL CLAIM AGAINST THE PRIVATE ACTORS**
**ENGAGED IN DELIBERATE INDIFFERENCE WHEN IT ENGAGED**
**IN A WIDESPREAD PRACTICE OF IMPERMISSIBLY ENFORCING CITY**
**POLICY THAT RESULTED IN THE WRONGFUL USE OF FORCE BY THE**
**CITY DEFENDANTS – 42 USC §1983**

37. The plaintiff re-alleges and incorporates by reference the allegations as set forth in each preceding paragraph 1 through 36 as if fully set forth herein.

38. The **City of New York** directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant employees, agents, officers and servants of the **City of New York**. The conduct of the defendant officers was a direct consequence of policies and practices of the **Defendant City of New York** that deliberately permitted the **For-profit corporation** to enforce policies exclusively the prerogative of the **City of New York** agents, servants, and employees.

39. At all times relevant to this complaint **Defendant City of New York**, acting through the **Defendant(s) HRA, NYPD, DOI and Summit Security** had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual **Defendant(s)**, and were a direct and proximate cause of the damages and injuries complained of herein.

40. The **December 19th, 2019** unwarranted use of force and arrest culminated from plaintiff having complained of staff and objecting to the conduct of the **Defendant employees**, including the practice of enforcing policies that permitted the **NYPD, HRA, OTDA** and the co-defendant(s) **Summit Security** to punish plaintiff using means that permitted the use of practices that were either illegitimate or just condoned, deliberately to cover up the misconduct demonstrated the deliberate and intentional continuous indifference of the defendant **City of New York**, when defendant(s) **City of New York and OTDA** along with their **For-profit Corporation** failed to take corrective measures to deter the illegal action, and ratified the behavior by failing to respond to the plaintiff's grievances and complaints. The **December 19th, 2019** incident were among the many events in which plaintiff was subjected to the inhumane treatment at the hands of numerous employees, agents, officers, and servants of the **City of New York**.

41. At all times relevant to this complaint, **Defendant City of New York**, acting through its **employee Police Officers, HRA, NYPD**, and **Summit Security** through the individual defendants of the **NYPD and HRA** had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for the plaintiff having engaged in First Amendment Activity. Upon information and belief, **Defendant City of New York** planned and implemented a policy, practice, custom and usage controlling complaining clients in the **Human Resource Administration Business Offices** by permitting the **NYPD, HRA Police** along with **Summit Security** and **Social Service agents** employed to provide services to the vulnerable community to use discriminatory practices and/or procedures that directly criminalized the plaintiff directly ratifying a policy of terminating services within that immediately set into motion turning an ordinary protected event into a criminal offense, resulting in the wrongful use of force and arrest of the plaintiff **Victor M. Herrera**, and by using such methods, the **Defendant City of New York** were permitting the behavior to go unchecked.

8

42. In connection with the plaintiff's own complaints against staff and police, **The City of New York** consciously disregarded the illegality and unconstitutionality of said detentions, use of force, and retaliation in order to punish and suppress complaining clients from pursuing grievances by provoking such hostility toward clients, creating an unhealthy and risky environment and deliberately attacking clients without provocation, solely on account of a **Social Service worker** colluding with **Summit Security** in the control of troublesome advocates as the plaintiff **Victor M. Herrera**. These policies, practices, customs, and usages that permitted **Summit Security** to engage in the sort of direct interference with clients' application process by colluding with the employees of the **City of New York Human Resource Administration** were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. The existence these unconstitutional customs and policies, specifically as it relates to client's applying for **Social Services Benefits,** is evidenced by the countless repeated occurrences of similar wrongful conduct against the plaintiff, **Victor M. Herrera.**

44. **The City of New York** knew or should have known of the defendant(s) officer(s) propensity to engage in misconduct against those engaging in First Amendment protected activity of the type alleged herein. Upon information and belief, prior to **March 2018** and thereafter, the **City of New York** was aware of numerous complaints of **Police Misconduct** involving the use of unwarranted and unjustified use of excessive force and retaliatory use of force against plaintiff by members of the **NYPD and HRA Police**. Despite its knowledge of such incidents, including one occurring some 7 years past, the plaintiff is still affected by the decisions of the **City of New York Human Resource Administration** by being barred from 14 Boerum Place, Brooklyn, NY, and despite it being the plaintiff who called 911, such knowledge of prior incidents of misconduct, the **City of New York** failed to take remedial action.

45. Additionally, **The City of New York** knew or should have known more specifically that **John Doe Uniformed Police Officer(s)** and **HRA Police Officer(s)** had the propensity to engage in misconduct of the type alleged herein and to lie to cover up such misconduct, deliberately abusing the process and engaging in malicious prosecutions of the plaintiff **Victor M. Herrera** the moment the **City of New York** decided to have the plaintiff officially removed from and barred from Upon information and belief, prior to **December 19th, 2019** the **City of New York** was aware of numerous complaints related to the conduct at such **For-profits security company**. Despite its knowledge of such incidents of misconduct, **The City of New York** failed to take remedial action.

46. It was the policy and/or custom of the **City of New York** to investigate citizen complaints of Police Misconduct and acts of misconduct were instead tolerated by the City of New York, including but not limited to, incidents listed above inadequately and improperly.

**FOURTH CLAIM:**

**ARTICLE I, §11 OF THE NEW YORK STATE CONSTITUTION**

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as if fully set forth herein.

48. The acts of defendants, acting under the **color of law**, in having plaintiff subjected to arrest under the false pretense to cover up misconduct of the **City Defendant(s) NYPD** and **HRA** contracted **and for profit corporations** and in having him physically assaulted were motivated by a retaliatory animus, racially motivated and were done without lawful justification, and were designed to and did cause specific serious bodily harm, pain and suffering to the plaintiff in violation of his Constitutional rights to equal protection as guaranteed by **Article I, Section 11** of the Constitution of the State of New York.

**FIFTH CLAIM:**

**ARTICLE I, §12 OF THE NEW YORK
STATE CONSTITUTION**

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

50. The acts of defendants, acting under **color of law** by their **contract** and enforcement of **City Policies, rules, regulations, customs and usage**, in subjecting plaintiff **Victor M. Herrera** to unlawful search and seizure, false arrest, wrongful imprisonment and excessive force while in the City and State Controlled building by physically assaulting plaintiff and/or causing plaintiff to be subjected to the unlawful search and seizure, arrest and excessive force by intentionally and deliberately lying to cover up misconduct of individual employees, were done without reasonable suspicion or probable cause and were designed to and intended to, and did cause, specific and serious bodily harm, pain and suffering to the plaintiff in violation of plaintiff Constitutional Rights as guaranteed by **Article I, Section 12** of the Constitution of the State of New York.

51. The foregoing act and conduct of defendant **Corporation Summit Security,** its agents, employees, and officers acting in concert with the **City of New York,** were a direct and proximate cause of injury and damage to plaintiff **Victor M. Herrera** and violated his rights as guaranteed by the Constitution of the State of New York.

**SIXTH CLAIM:**

**CLAIMS AGAINST FOR PROFIT SUMMIT SECURITY
FOR CONSPIRACY TO DEPRIVE PLAINTIFF OF RIGHTS,
PRIVILEGES AND IMMUNITIES GUARANTEED BY THE
CONSTITUTION OF THE UNITED STATES AND STATE OF NEW YORK**

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

53. The defendant **Summit Security**, its agents, employees and officers were involved in the unconstitutional act when it otherwise engaged in the unprovoked attacks intended to create hostile responses and improper restraint of liberty and/or retaliatory acts from the **City of New York,** failed to otherwise stop the unconstitutional conduct and deliberately ignored, permitted, suborned, provoked and acquiesced in the unconstitutional violations that included the improper reporting of plaintiff as creating a disturbance by soliciting, participating and engaging in the unconstitutional use of such practices against the plaintiff that deliberately and intentionally set into motion retaliatory measures intended to cause harm for plaintiff having engaged in protected First Amendment activity, and if not for their own culpable conduct in knowingly conspiring with the City of New York in providing false claims to the City of New York **NYPD and HRA Police** to establish a false basis for arrest and justification for plaintiff's seizure, that plaintiff **Victor M. Herrera** would otherwise not be subjected to, and otherwise knowingly permitted the practice to go unchecked.

54. As a direct and proximate result of the misconduct and failure to prevent or protect the plaintiff **Victor M. Herrera** from the known and obvious unconstitutional acts that were the proximate cause of the plaintiff injury, the private not-for-profit and for-profit defendants were just as culpable in allowing the unconstitutional injury to manifest within their own corporate businesses that subjected plaintiff to, thereby sustaining the damages to plaintiff alleged herein.

10

**SEVENTH CLAIM:**

**STATE COMMON LAW MALICIOUS ABUSE
OF PROCESS AND MALICIOUS PROSECUTION**

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 as if fully set forth herein.

56. By their conduct in providing false allegations and claims to the City of New York, **NYPD and HRA Police** employees, the security company are liable to plaintiff for having committed malicious prosecution and abuse of process under the laws of the State of New York.

57. Defendants Security Officer **John Doe Security Officer Supervisor, John Doe Security Officer No. 1 and John Doe Security Officer No. 2** employee and numerous other employees, agents, officers and servants of said City of New York Defendants maliciously commenced proceedings against the plaintiff **Victor M. Herrera**, having him charged by falsehood of filing a false instrument of false allegations, and falsely charged with criminal offenses to cover up their own misconduct and unwarranted use of force, plaintiff was falsely and without probable cause charged with violations of the laws of the state of New York under the New York State Penal Laws.

58. The commencement and continuation of the criminal Proceedings against plaintiff **Victor M. Herrera** was malicious and without probable cause and intended to gain an impermissible advantage over the plaintiff in covering up misconduct.

59. All proceedings were terminated in plaintiff's favor as the defendants could not establish a prior any justification or history and plaintiff or was otherwise below the standard necessary to establish probable cause, and such actions were part of an overall scheme to criminalize the plaintiff and discredit his advocacy.

60. Defendants, theirs officers, agents, servants, and employees were responsible for the malicious prosecution and abuse of process of plaintiff in retaliation for plaintiff having petitioned for redress of grievances. The City of New York, as a direct proximate relationship with the non-profit Corporations in allowing the private actors to engage and carry out such conduct, the non-profit Corporations are responsible for their wrongdoing by the retaliatory nature of the alleged conduct herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff **Victor M. Herrera** prayer for relief is as follows:

1) A declaration that the defendant(s), **NYPD, HRA Police and Summit Security** and any employee, agent, officer or servant unknown to plaintiff during the incidents leading up to the injury, be collectively and in concert, held accountable for violating plaintiff's First, Fourth, Fifth and Fourteenth Amendment Rights to the U.S. Constitution and plaintiff's rights under the New York State Constitution and State common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

2) A mandatory injunction requiring that defendant(s) possessing any information of arrest arising from the actions complained of herein shall collect and deliver to the plaintiff all such records and expunge or delete all such information, reference and/or notation from their records.

3) An injunction enjoining Defendant(s) collectively from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful First Amendment activities explained herein and prohibiting the defendant(s) **For-profit Corporations** named herein, their employees, agents, officers or servants from enforcing the rules, regulations and laws of the State of New York, **NYPD Patrol Guide and HRA rules, regulations or laws or Social Service Laws** against plaintiff and the vulnerable community without a basis of probable cause, and to cease in

11

maintaining the City of New York Rules of Client Code of Conduct exclusively the authority of the City of New York from being enforced by for-profit corporations unless alternative means of enforcement are established;

4) Award plaintiff compensatory damages in the amount of $250,000.00 for each of the underlying claims that arose that resulted in the **wrongful imprisonments, excessive force and wrongful arrest and restraint of liberty** intended to punish and retaliate and the cruel and barbaric treatment plaintiff was subjected to because defendants actions herein complained of as part of a conspiracy to deprive plaintiff of his rights, including but not limited to any emotional distress, loss of Civic duty employment opportunities and any other compensatory damages as permitted by law and according to trial;

5) Award plaintiff **Victor M. Herrera punitive damages**.

6) Award Cost of suit pursuant to 42 USC §§ 1920 and 1988, and

7) Award Attorney Feeds pursuant to 42 USC §1988

8) Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated: Friday, February 12, 2021

Respectfully submitted,

*Victor M Herrera*

Victor M Herrera
 Plaintiff Pro Se
794 Snediker Ave, Apt 2F
Brooklyn, New York 11207
E. Victorherrera93@gmail.com
T. 917-889-6223

VERIFICATION

I, **Victor M Herrera** declare under the penalty of perjury that:

I am the Plaintiff/claimant in the above-entitled action and Verified Complaint, appearing Pro se. That I have read the contents thereof and know the contents therein. That the same is true to my own knowledge and belief, except as to matters stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

*Victor M Herrera*

Victor M Herrera
Plaintiff Pro se