UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
VICTOR M. HERRERA,

                  Plaintiff,

          - against -

DERMOT SHEA, Commissioner of the City of
New York Police Department; STEVEN BANKS,
Commissioner, Human Resource Administration,
City of New York; SAMUEL SPITZBERG,
Attorney, Office of Temporary Disability
Assistance of the State of New York; NIGEL
MARKS, Attorney, Office of Temporary Disability
Assistance of the State of New York; DEXTERLY
FREEMAN, Deputy Commissioner of Security,
Human Resource Administration; HRA
SERGEANT CURCIO; HRA SERGEANT KNOX;
HRA LIEUTENANT WRIGHT; HRA OFFICER
ANNETTE VASQUEZ; HRA OFFICER HENNA;
LIEUTENANT VASQUEZ, NYPD 84th Precinct;
JOHN DOE, NYPD 84th Precinct Uniformed
Officer; JANE DOE, NYPD 84th Precinct
Uniformed Officer; JANE DOE, NYPD
Plainclothes Officer #1; JANE DOE, NYPD
Plainclothes Officer #2; SUMMIT SECURITY;
JOHN DOE, Summit Security Supervisor; JOHN
DOE, Summit Security Officer #1; JOHN DOE,
Summit Security Officer #2; and CITY OF NEW
YORK,

                  Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3665 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

Plaintiff Victor M. Herrera brought this *pro se* action under 42 U.S.C. § 1983, alleging violations of his federal constitutional, state constitutional, and state common-law rights against a long list of defendants—including the City of New York, the City of New York Human Resource Administration ("HRA"), the City of New York Police Department ("NYPD"), Summit Security ("Summit"), the New York State Office of Temporary and Disability Assistance ("OTDA"), and

1

a number of individuals associated with these entities in their official and individual capacities. (*See generally* Complaint ("Compl."), Dkt. 2.)

On December 29, 2020, the Court issued a Memorandum and Order (the "December 2020 Order") permitting Plaintiff to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 and allowing certain of his claims to proceed against certain defendants, namely: (1) Plaintiff's federal constitutional (*i.e.*, Section 1983) claims alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution, in the form of false arrest, wrongful imprisonment, and excessive force, against Defendants HRA Sergeant Knox, HRA Officer Annette Vasquez, HRA Officer Henna, NYPD Uniformed Officer John Doe of the 84th Precinct, NYPD Uniformed Officer Jane Doe of the 84th Precinct, NYPD Plainclothes Officer Jane Doe #1, and NYPD Plainclothes Officer Jane Doe #2; and (2) Plaintiff's state constitutional claim against the City of New York under Article I, § 12 of the New York State Constitution. *Herrera v. Shea*, No. 20-CV-3665 (PKC) (VMS), 2020 WL 7711856, at *1, *11 (E.D.N.Y. Dec. 29, 2020). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), the Court dismissed all claims against the HRA, NYPD, and OTDA because they are non-suable entities. *Id.* at *3–4. With respect to the remaining claims against the remaining defendants, the Court dismissed them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, but granted Plaintiff 45 days' leave to amend. *Id.* at *1, *4–11. Finally, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court directed Corporation Counsel of the City of New York ("Corporation Counsel") to ascertain the names of the unnamed NYPD officers, as well as the addresses at which these defendants may be served. *Id.* at *12.

On February 19, 2021, Plaintiff filed an amended complaint. (Amended Complaint ("Am. Compl."), Dkt. 12.) Like Plaintiff's original complaint, the Amended Complaint's factual allegations focus on the events of December 19, 2019, which are summarized in detail in the

December 2020 Order. *See* 2020 WL 2020 WL 7711856, at *1–2. (*Compare* Am. Compl., Dkt. 12, ¶¶ 21–30, *with* Compl., Dkt. 2, ¶¶ 28–37.) In short, Plaintiff alleges that when he arrived at the HRA office in Brooklyn for a scheduled hearing regarding social services benefits on December 19, 2019, Summit Officer John Doe #1 "provoked, threatened, and falsely accused [Plaintiff] of causing a disturbance." (Am. Compl., Dkt. 12, ¶ 23.) When NYPD officers from the 84th Precinct were called and responded to the scene, they searched Plaintiff without reason, "physically pushed [Plaintiff] up against the wall," and handcuffed him. (*Id.* ¶¶ 25–26.) Although Plaintiff was eventually released, he was "accosted" on the way to the subway, "forcefully pushed . . . against a gate by the Brooklyn Law School," and "forcefully plac[ed]" in handcuffs and "unlawfully arrest[ed]" by Defendants HRA Sergeant Knox, HRA Officer Henna, HRA Officer Annette Vasquez, and two plainclothes NYPD officers. (*Id.* ¶ 28.)

Besides realleging the events of December 19, 2019, however, the Amended Complaint offers little additional factual matter. Indeed, the additional factual allegations in the Amended Complaint consist of assertions that: (1) at some point in March or April 2019, Summit Officer John Doe #1 "falsely accus[ed] Plaintiff of engaging in [d]isorderly and aggressive conduct," resulting in Plaintiff being barred from the HRA office in Brooklyn (*see id.* ¶ 21); (2) Plaintiff commenced a special proceeding under Article 78 of New York Civil Practice Law and Rules (*Herrera v. Hein*, Index No. 3603/2019), which Plaintiff withdrew after Defendant Spitzberg sent a letter lifting the restrictions on Plaintiff's participation in hearings at the HRA office in Brooklyn (*id.* ¶ 22); and (3) during the incident at the HRA office on December 19, 2019, NYPD Lieutenant Vasquez of the 84th Precinct not only authorized Plaintiff's arrest but also at some point said to Plaintiff, "I don't give a fu#%," when Plaintiff attempted to explain the situation (*id.* ¶ 27). The Amended Complaint asserts the same seven claims alleged in the original Complaint: (1) a Section

3

1983 claim under the Fourth and Fourteenth Amendments of the United States Constitution for false arrest, wrongful imprisonment, and excessive force; (2) a Section 1983 claim under the First and Fourteenth Amendments of the United States Constitution for deprivation of the rights to petition and expression; (3) a Section 1983 claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); (4) an equal-protection claim under Article I, § 11 of the New York State Constitution; (5) a claim of unlawful search and seizure, false arrest, wrongful imprisonment, and excessive force under Article I, § 12 of the New York State Constitution; (6) a claim of conspiracy to deprive Plaintiff of his state and federal constitutional rights; and (7) state common-law claims of malicious abuse of process and malicious prosecution. (*Compare* Am. Compl., Dkt. 12, ¶¶ 31–60, *with* Compl., Dkt. 2, ¶¶ 38–67.)

After Plaintiff filed the Amended Complaint, Corporation Counsel identified NYPD Uniformed Officers John Doe and Jane Doe of the 84th Precinct as Officers Michael Gargano and Sorely Nunez, respectively, but requested an additional 30 days to ascertain the identities of the plainclothes officers involved in the events on December 19, 2019. (Dkt. 14, at 2.) The Court granted that request. (3/11/2021 Docket Order.) On March 30, 2021, Plaintiff filed a motion withdrawing all claims against NYPD Plainclothes Officer Jane Doe #1 and NYPD Plainclothes Officer Jane Doe #2. (Dkt. 15.) Based on Plaintiff's motion, Corporation Counsel filed a motion to vacate the Court's order that Corporation Counsel ascertain the names of the NYPD plainclothes officers pursuant to *Valentin v. Dinkins*. (Dkt. 18.)

Plaintiff's motion to withdraw the claims against the NYPD plainclothes officers is granted, and Corporation Counsel's request to be relieved of its obligation to ascertain the names of such officers is accordingly granted. Additionally, the Amended Complaint sufficiently alleges NYPD Lieutenant Vasquez's personal involvement in the events of December 19, 2019, and

4

Plaintiff's Section 1983 claim under the Fourth and Fourteenth Amendments may proceed against Lieutenant Vasquez. Besides this one exception, however, the Amended Complaint, as discussed below, fails to cure the defects of the original Complaint, and the claims and defendants dismissed in the December 2020 Order are similarly dismissed here pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## DISCUSSION

### I. Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Board of Education*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the Complaint are assumed to be true, this rule does not extend "to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The Court is mindful that *pro se* pleadings are to "be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, federal courts "remain obligated to construe a *pro se* complaint liberally" (citations omitted)). Nevertheless, in an IFP action, the Court must dismiss a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] The comprehensive analysis and reasons for dismissal set forth in the December 2020 Order are incorporated herein by reference. *See* 2020 WL 7711856, at *3–11.

## II.     Section 1983 Claims

"[T]o state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

### A.     Supervisory Defendants

"An individual cannot be held liable for damages under § 1983 'merely because [the individual] held a high position of authority[.]'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). Indeed, the Second Circuit recently clarified that, following the Supreme Court's decision in *Iqbal*, a plaintiff must sufficiently allege a supervisory official's *direct* involvement in an alleged constitutional violation to state an actionable Section 1983 claim against that official. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citing *Iqbal*, 556 U.S. at 676). In other words, "the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights." *Id.* (quoting *Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir. 2010)).

The Amended Complaint fails to allege any deliberate, intentional acts on the part of NYPD Commissioner Dermot Shea, HRA Commissioner Steven Banks, HRA Deputy Commissioner of Police Operations Dexterly Freeman, HRA Lieutenant Wright, HRA Sergeant Curcio, and attorneys Samuel Spitzberg and Nigel Marks (collectively, "Supervisory Defendants") to violate Plaintiff's federally protected rights. The extent of the factual allegations in the Amended Complaint regarding the Supervisory Defendants is that Plaintiff "filed numerous grievances and complaints" with several of them, spoke with HRA Sergeant Curcio during the December 19, 2019 events in an attempt to reach HRA Deputy Commissioner Freeman, and received a letter from

6

Spitzberg rescinding a decision to bar Plaintiff from the HRA office in Brooklyn. (*See* Am. Compl., Dkt. 12, ¶¶ 22, 24, 29.) These allegations do not give rise to a reasonable inference that any of the Supervisory Defendants were personally involved in alleged retaliatory acts or other violations of federal law against Plaintiff. *Cf. Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (concluding that the Commissioner of the New York State Department of Correctional Services was not personally involved in an alleged constitutional violation where the plaintiff addressed two letters to the Commissioner, the first of which the Commissioner forwarded to another official, and the second of which was simply a request for a status update). Accordingly, the Section 1983 claims against the Supervisory Defendants are dismissed.

### B.    Claims Against Summit and Summit Officers

The Court previously dismissed the claims against Summit and its employees because Plaintiff failed to state any plausible Section 1983 claim against them. *Herrera*, 2020 WL 7711856, at *7. The Amended Complaint does not cure this defect. To start, the Amended Complaint does not include any specific factual allegations with respect to Summit, Summit Supervisor John Doe, and Summit Officer John Doe #2. (*See generally* Am. Compl., Dkt. 12, ¶¶ 21–30.) And though the Amended Complaint does allege a couple of instances where Summit Officer John Doe #1 allegedly "harassed" Plaintiff and "falsely accused [him] of causing a disturbance" (*id.* ¶¶ 21, 23), these allegations are substantially similar to the allegations contained in the original Complaint, *see Herrera*, 2020 WL 7711856, at *7 (citing Complaint, Dkt. 2, ¶¶ 29, 31). As the Court previously concluded, these allegations do not give rise to a plausible claim that Summit Officer John Doe #1 used excessive force, falsely arrested Plaintiff, or deprived Plaintiff of his First Amendment rights. Thus, the claims against Summit, Summit Supervisor John Doe, Summit Officer John Doe #1, and Summit Officer John Doe #2 are dismissed.

7

### C. *Monell* Claim

Under *Monell*, local governments and their officials may be sued directly under Section 1983 for monetary, injunctive, or declaratory relief. 436 U.S. at 690. *Monell* extends liability to a municipal organization where its "failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing, *inter alia*, *Monell*, 436 U.S. at 694). As the Court previously concluded, "the factual content of the Complaint does not give rise to a reasonable inference that some action or deliberate indifference by the City of New York plausibly led to Plaintiff's alleged constitutional violations." *Herrera*, 2020 WL 7711856, at *5. The Amended Complaint provides no additional factual allegations to change that conclusion. The Amended Complaint simply repeats allegations that Plaintiff "filed numerous grievances and complaints" with City officials, and that since March 2018, Plaintiff "has been subjected to a host of debilitating practices," like the events of December 19, 2019, "at the hands of numerous employees, agents, officers, and servants of the City of New York." (Am. Compl., Dkt. 12, ¶¶ 29–30, 40; *see also* Compl., Dkt. 2, ¶¶ 36–37, 47.) The Amended Complaint also reiterates the same conclusory statements contained in the Complaint:

- "[The City] repeatedly turned a blind[] eye . . . , taking no preventative precautions to divert what they were aware were retaliatory actions[.]" (Am. Compl., Dkt. 12, ¶ 29; *see also* Compl., Dkt. 2, ¶ 36.)

- "Defendant City of New York has . . . developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arrest[ing], without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in misconduct intended to discourage and deter the pursuit of protected activity." (Am. Compl., Dkt. 12, ¶ 29; *see also* Compl., Dkt. 2, ¶ 36.)

- "[D]efendant City of New York . . . failed to take corrective measures to deter the illegal action, and ratified the behavior by failing to respond to [Plaintiff]'s

> grievances and complaints." (Am. Compl., Dkt. 12, ¶ 40; *see also* Compl., Dkt. 2, ¶ 47.)

- "Defendant City of New York planned and implemented a policy, practice, custom and usage [of] controlling complaining clients in the [HRA] Business Offices by permitting the NYPD, HRA Police[,] along with Summit [] . . . [,] to use discriminatory practices and/or procedures that directly criminalized [Plaintiff][.]" (Am. Compl., Dkt. 12, ¶ 41; *see also* Compl., Dkt. 2, ¶ 48.)

- "[P]rior to March 2018 and thereafter, the City of New York was aware of numerous complaints of Police Misconduct involving the use of unwarranted and unjustified . . . excessive force and retaliatory use of force against [P]laintif by members of the NYPD and HRA Police." (Am. Compl., Dkt. 12, ¶ 44; *see also* Compl., Dkt. 2, ¶ 51.)

- "It was the policy and/or custom of the City of New York to investigate citizen complaints of Police Misconduct [inadequately and improperly,] and acts of misconduct were instead tolerated by the City of New York, including but not limited to, incidents listed above[.]" (Am. Compl., Dkt. 12, ¶ 46; *see also* Compl., Dkt. 2, ¶ 53.)

These conclusory allegations are insufficient to state a plausible claim that an alleged policy, custom, or deliberate indifference of the City led to a violation of Plaintiff's federally protected rights. *See Herrera*, 2020 WL 7711856, at *5; *see also Johnson v. City of New York*, No. 18-CV-4030 (MKB), 2020 WL 249100, at *2 (E.D.N.Y. Jan. 16, 2020) (dismissing a *Monell* claim because the plaintiff failed to allege facts "to support an inference that the City had an official policy or custom that caused a violation of any federally protected right"). Moreover, the additional allegations that Plaintiff was barred for a time from the HRA office in Brooklyn because he was falsely accused of causing a disturbance, and that he commenced a special proceeding under Article 78, which he eventually withdrew, do not give rise to any reasonable inference of some *policy*, *custom*, or *deliberate indifference* on the part of the City that caused a violation of Plaintiff's federal rights. In short, Plaintiff "has not plausibly alleged that [the] City was itself responsible for his [alleged] injury[.]" *Simms v. City of New York*, No. 10-CV-3420 (NGG)

9

(RML), 2011 WL 4543051, at *3 (E.D.N.Y. Sept. 28, 2011), *aff'd*, 480 F. App'x 627 (2d Cir. 2012) (summary order). Plaintiff's *Monell* claim is accordingly dismissed.

### III. State Constitutional Claims

The Court previously dismissed Plaintiff's equal-protection claim under Article I, § 11 of the New York State Constitution because the Complaint "provide[d] no factual allegations whatsoever that reasonably give rise to a plausible claim that [Plaintiff] was treated differently from similarly situated individuals based on race or any other protected characteristic." *Herrera*, 2020 WL 7711856, at *8. Rather than providing additional factual allegations to cure this defect, the Amended Complaint repeats the same conclusory allegations in the Complaint that Defendants' actions were "racially motivated." (*See* Am. Compl., Dkt. 12, ¶ 48; *see also* Compl., Dkt. 2, ¶ 55.) Therefore, any claim under Article I, § 11 of the New York State Constitution is dismissed.

Similarly, the Court previously dismissed claims of unlawful search and seizure, false arrest, wrongful imprisonment, and excessive force under Article I, § 12 of the New York State Constitution against the Supervisory Defendants, Summit and its employees, and the NYPD and HRA officers because, *inter alia*, the Complaint provided no reason that a remedy under Section 1983 would be inadequate with respect to those defendants. *Herrera*, 2020 WL 7711856, at *9; *see also Alwan v. City of New York*, 311 F. Supp. 3d 570, 586 (E.D.N.Y. 2018) ("New York courts have held that a private right of action for violations of the state constitution is unavailable if an alternative remedy is available elsewhere[.]" (collecting cases)). Because the Amended Complaint likewise fails in this regard, Plaintiff's claim under Article I, § 12 of the New York State Constitution is dismissed with respect to the Supervisory Defendants, Summit and its employees, and the NYPD and HRA officer-defendants.

### IV. Conspiracy Claim

As the December 2020 Order explains, a Section 1983 conspiracy claim requires the plaintiff to "allege facts that plausibly suggest a meeting of minds and provide some details of time and place." *Herrera*, 2020 WL 7711856, at *10 (quoting *Graham v. City of New York*, 16-CV-4613 (NGG) (CLP), 2018 WL 1157818, at *9 (E.D.N.Y. Mar. 2, 2018)). The Amended Complaint, like the Complaint, provides no such details. Therefore, Plaintiff's conspiracy claim is dismissed.

### V. State Common-Law Malicious-Prosecution and Abuse-of-Process Claims

The Court previously dismissed Plaintiff's claims of malicious prosecution because "Plaintiff's Complaint provides no facts about the criminal proceeding against him, much less anything that would reasonably raise an inference that the proceeding was commenced without probable cause and motivated by malice." *Id.* at *10. Similarly, the Court previously dismissed Plaintiff's claim of abuse of process because "the Complaint provides no factual allegations that would reasonably give rise to an inference that any criminal proceeding against Plaintiff had a goal of achieving some collateral objective." *Id.* at *11. The Amended Complaint provides no more details than the Complaint regarding Plaintiff's criminal prosecution. Instead, it makes the same conclusory allegations that Defendants "maliciously commenced proceedings against" Plaintiff "to cover up their own misconduct and unwarranted use of force." (Am. Compl., Dkt. 12, ¶ 57; *see id.* ¶ 58; *see also* Compl., Dkt. 2, ¶¶ 63–64.) Accordingly, Plaintiff's malicious-prosecution and abuse-of-process claims are dismissed.

### CONCLUSION

Plaintiff's motion to withdraw all claims against NYPD Plainclothes Officer Jane Doe #1 and NYPD Plainclothes Officer Jane Doe #2 is granted, and these defendants are terminated as parties to this action. Additionally, the claims against NYPD Commissioner Dermot Shea, HRA

Commissioner Steven Banks, HRA Deputy Commissioner of Security Dexterly Freeman, HRA Sergeant Curcio, HRA Lieutenant Wright, Samuel Spitzberg, Nigel Marks, Summit, Summit Supervisor John Doe, Summit Officer John Doe #1, and Summit Officer John Doe #2 are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). These defendants are also terminated as parties to this action.

This case shall proceed only with respect to (1) Plaintiff's Section 1983 claims under the Fourth and Fourteenth Amendments to the United States Constitution for false arrest, wrongful imprisonment, and excessive force against HRA Sergeant Knox, HRA Officer Annette Vasquez, HRA Officer Henna, NYPD Lieutenant Vasquez of the 84th Precinct, NYPD Officer Michael Gargano of the 84th Precinct, and NYPD Officer Sorely Nunez of the 84th Precinct, based on the alleged events of December 19, 2019; and (2) Plaintiff's claim under Article I, § 12 of the New York State Constitution against the City of New York, based on the alleged events of December 19, 2019. The Clerk of Court is respectfully directed to issue summons for these defendants, as well as to amend the docket to reflect that NYPD Uniformed Officer John Doe of the 84th Precinct is Officer Michael Gargano and that NYPD Uniformed Officer Jane Doe of the 84th Precinct is Officer Sorely Nunez. (*See* Dkt. 14, at 2.) The United States Marshals Service is respectfully directed to serve a copy of the Amended Complaint and Summons on each of the remaining defendants. This action is referred to the Honorable Vera M. Scanlon, Magistrate Judge, for pretrial supervision. Corporation Counsel of the City of New York is relieved of its obligation under *Valentin v. Dinkins* and the Court's previous orders to ascertain the names and addresses of unnamed NYPD officers.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 20, 2021
       Brooklyn, New York